UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT JOSEPH DALE CLINKENBEARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00422-JMS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Petitioner Robert Clinkenbeard, who is confined at the Federal Correctional Institution in Terre Haute, Indiana, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Clinkenbeard's petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. For the reasons explained below, Clinkenbeard is not entitled to relief and Rule 4 directs that the petition must be summarily dismissed.

**I. Background**

Clinkenbeard was convicted and sentenced in the Northern District of Iowa, in Case CR18-4064-LTS. In denying Clinkenbeard's § 2255 motion, Chief Judge Strand explained:

> On July 24, 2018, the Grand Jury returned an indictment charging Clinkenbeard with unlawful possession of a firearm under 18 U.S.C. §§ 922(g)(1), (9) and 924(a)(2) (Count 1), distribution of a controlled substance under 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts 2 through 4) and use of a firearm during and in relation to a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A) (Count 5). Crim. Doc. 1. Clinkenbeard subsequently pleaded guilty to Counts 1, 4 and 5

> pursuant to a plea agreement. Crim. Docs. 14, 15, 17. On March 25, 2019, I sentenced him to concurrent terms of 37 months' imprisonment on Counts 1 and 4, and a statutory minimum, consecutive term of 60 months' imprisonment on Count 5, to be followed by three years of supervised release. Crim. Docs. 35, 36. Clinkenbeard did not appeal.

*Clinkenbeard v. United States,* Case 5:20-cv-4012-LTS-KSM, dkt. 26, (N.D. Iowa 2021). Clinkenbeard argued in his § 2255 motion that he was entitled to relief because he received ineffective assistance of counsel during the plea process. *Id.*

In this habeas petition brought pursuant to § 2241, Clinkenbeard contends that the Supreme Court's decision in *Rehaif v. United States*, ⸺ U.S. ⸺, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), requires the courts to set aside his convictions for possessing a firearm as a felon.

## II. Savings Clause

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (citing e.g., *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate

or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586; *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

### III. Discussion

Clinkenbeard argues that he is entitled to relief because he did not know he belonged to the category of people who are ineligible to possess firearms. Dkt. 2. He argues "that he 'thought' that his rights were restored, not that they actually were." Dkt. 1 at p.3. His petition relies on the Supreme Court's decision in *Rehaif v. United States*, ––– U.S. –––, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), which held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200.

Clinkenbeard is not entitled to relief, however, because *Rehaif* was decided in 2019 prior to the sentencing court's ruling on his § 2255 motion. *See* CR18-4064-LTS, dkt. 70, (§ 2255 motion denied on March 3, 2021). In other words, Clinkenbeard does not meet the second *Davenport* requirement, because his *Rehaif* claim could have been raised in his first § 2255 motion.

In addition, Clinkenbeard cannot show a miscarriage of justice because he cannot show "that no reasonable juror could find him guilty beyond a reasonable doubt." *Santiago v. Streeval*, 36 F.4th 700, 703–04 (7th Cir. 2022).

"This case, like so many other § 2241 petitions, requires courts to balance interests in finality against accuracy. That balance has been struck in the form of the narrow procedural path and high substantive standards that we apply here for relief under § 2241." *Santiago*, 36 F.4th at 712. For the reasons explained above, Clinkenbeard's claim is outside the narrow procedural path of § 2255(e). Thus, this action is subject to dismissal pursuant to Rule 4.

### IV. Conclusion

Clinkenbeard's § 2241 petition is **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Entry shall issue.

SO ORDERED.

Date: 10/13/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT JOSEPH DALE CLINKENBEARD
17633029
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808